UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **LYNETTA JACKSON** | **CASE NO. 3:21-CV-01099** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **AXEL CHARLES ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is Plaintiff Lynetta Jackson's Motion to Remand and Supplemental Motion to Remand (collectively "motion to remand"). [doc. #s 9; 14]. The motion is opposed. [doc. # 16]. For the following reasons, it is recommended that the motion to remand be DENIED, the motion for attorneys' fees therein also be DENIED, and the claims against Michael Ray Baker and his insurance carrier Anpac Louisiana Insurance Co. be DISMISSED WITHOUT PREJUDICE.

### Background

On August 26, 2020, Plaintiff Lynetta Jackson ("Jackson") filed the instant petition for damages in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, for personal injuries resulting from an automobile accident that occurred on August 29, 2019, in Ouachita Parish. [doc. # 1-2]. Made defendants were Axel Charles ("Charles"), Starr Indemnity & Liability Co. ("Starr"), North American Transport Services, LLC ("North American"), Michael Ray Baker ("Baker"), and Baker's insurance carrier, Anpac Louisiana Insurance Co. ("Anpac").

On the day of the accident, Jackson was a passenger in a vehicle owned and driven by Baker. [doc. # 1-2, p. 2]. Jackson alleges that Baker was traveling westbound in the right lane

when Defendant Charles abruptly changed lanes from the left lane and struck Baker's vehicle. [doc. # 1-2, p. 2]. Charles was allegedly issued a citation for improper lane usage, and Jackson claims that Charles was negligent and caused her injuries. [doc. # 1-2, p. 2]. Jackson generally alleged that Baker was liable in the alternative for the accident. [doc. # 1-2, p. 2-3].

On April 6, 2021, Jackson was deposed. [doc. # 1, p. 4]. In her deposition, Jackson stated that Baker is a cautious driver, was driving the speed limit, did not leave his lane of travel prior to the accident, and could have done nothing to avoid the accident. [doc. # 1-4]. On April 26, 2021, Defendants Charles, North American, and Starr ("Removing Defendants") removed this case to federal court, stating that Baker and his insurance carrier, Anpec, had been improperly joined. [doc. # 1]. The Removing Defendants claim that Jackson misstated or omitted facts in her complaint that would have determined the propriety of joinder. [doc. #s 1; 16].

On May 17, 2021, Jackson filed her original Motion to Remand, arguing that because no stipulation of liability had been provided at the time of removal, some proportion of fault could theoretically be assessed to Baker. [doc. # 9-1].[1] Jackson then filed a Supplemental and Amended Motion to Remand, alleging that the removal was untimely. [doc. #s 12; 14]. Removing Defendants filed a memorandum in opposition to the motion to remand. [doc. # 16]. Jackson filed a reply on July 9, 2021. [doc. # 19]. Accordingly, the motion is ripe.

## Law and Analysis

Federal courts are courts of limited jurisdiction. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Subject matter jurisdiction must exist at the time of removal,

---

[1] Subsequently, Defendants filed a stipulation of liability, stating that Defendant Charles was 100% at fault for the accident. [doc. # 10].

based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Jurisdictional facts are determined at the time of removal, not by subsequent events. *See La. v. Am. Nat'l Prop & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014).

Removing Defendants invoked diversity jurisdiction when this case was removed, which requires an amount in controversy greater than $75,000, and complete diversity of citizenship between plaintiff and defendants. 28 U.S.C. § 1332(a); *Flagg v. Stryker Corp.,* 819 F.3d 132, 135-36 (5th Cir. 2016). Here, Jackson disclosed in her response to the October 23, 2020 requests for admission that the amount in controversy exceeds $75,000. [doc. # 1-3, p. 6].[2]

However, Defendant Baker is a citizen of Louisiana and not diverse from Jackson. [doc. # 1-2]. Thus, Removing Defendants must establish Baker was improperly joined to disregard his citizenship and avoid remand.[3] "The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). The burden of persuasion on a party claiming improper joinder is a "heavy one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)(citation omitted). The focus of the improper joinder inquiry must be "on the joinder, not the merits of the plaintiff's case." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(en banc).

Improper joinder may be established by either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

---

[2] Defendants also allege that the amount in controversy exceeds $75,000, exclusive of interest and costs. [doc. # 1].

[3] If Baker is improperly joined, then his insurer is also improperly joined.

Here, there are no allegations of actual fraud. Accordingly, the Court must determine whether it is possible for Jackson to recover from Baker. "[A] mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Id.* (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

The Court may determine the ability of a plaintiff to establish a cause of action against the non-diverse party in state court in one of two ways: (1) it may look at the allegations of the complaint to determine whether the complaint states a claim against the non-diverse defendant under state law, similar to a FED. R. CIV. P. 12(b)(6) analysis; or (2) where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.*

Removing Defendants argue that after piercing the pleadings and conducting a summary inquiry, plaintiff has no reasonable basis of recovery against the in-state defendant. [doc. # 16, p. 4-6]. Although a court can choose to use either a 12(b)(6)-type analysis or to pierce the pleadings, it must use only one of these methods. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016). Here, the Court will conduct the improper joinder analysis by piercing the pleadings because the initial pleading was not removable.

1. **Timeliness of Removal**

Before conducting the improper joinder analysis, the court must first address Jackson's argument that removal is untimely because the improper joinder was apparent on the face of her pleading. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal of a civil action or proceeding must be filed within the shorter of (1) thirty days after the defendant receives a copy of the initial pleading setting forth the claim for relief or (2) thirty days after service of summons upon the defendant if the initial pleading has been filed in court and is not required to be served on the

defendant. 28 U.S.C. § 1446(b)(1). However, under 28 U.S.C. § 1446(b)(3), when an action is not initially removable, the defendant has 30 days after it receives a copy of "other paper from which it may first be ascertained" that the case is or has become removable. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

The Fifth Circuit "has indicated that the 'other paper' conversion requires a voluntary act by the plaintiff." *Id. (citing Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir.1961) (in explaining that "other paper" requires a voluntary act of the plaintiff, the court specifically noted that an initially non-removable case "cannot be converted into a removable one by evidence of the defendant or by an order of the court")). The Fifth Circuit has also held that the defendant's subjective knowledge cannot convert a case into a removable action. *Id. (citing Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)). Finally, "a transcript of the deposition testimony is "other paper." *S.W.S. Erectors, Inc.*, 72 F.3d at 494.

Here, the inability of Jackson to establish a cause of action against Baker was not apparent on the face of the initial pleading. In her initial pleading, Jackson alleged that Baker:

> fail[ed] to keep a proper lookout . . . to maintain control of the vehicle . . . to take necessary actions to avoid the collision . . . to see what should have been seen . . . to use such diligence and care in the operation and control of the vehicle as [was] commensurate with the circumstances . . . to exercise the necessary requisite of caution; and . . . to have due regard for the traffic upon and the condition of the roadway.

[doc. # 1-2, p. 3]. The Court rejects Jackson's argument that, because she asserted these allegations in the alternative, Removing Defendants were on notice that Baker had been improperly joined. Allegations in the alternative can be sufficient to plead a cause of action, and the mere use of alternative pleading does not indicate that a defendant has been improperly joined. Jackson's allegations against Baker in the initial complaint were sufficient such that it was not apparent that Jackson would be unable to establish a cause of action against him.

It was not until the April 6, 2021 deposition of Jackson that Removing Defendants had any "other paper" from Jackson "from which it [could] first be ascertained" that there was no cause of action against Baker. In her deposition, Jackson stated that Baker is a cautious driver, was driving the speed limit, did not leave his lane of travel prior to the accident, and could have done nothing to avoid the accident. [doc. # 1-4]. Jackson has neither withdrawn these factual assertions nor stated that they are incorrect. Thus, the removal filed on April 26, 2021 was timely because it was filed within 30 days of the deposition transcript.

2. **Improper joinder**

Here, the improper joinder analysis will be performed by piercing the pleadings and conducting a summary inquiry. The "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573. The court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis*, 326 F.3d at 646-47. Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id*.

The existence of even a single valid cause of action against a non-diverse defendant requires remand of the entire case to state court. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018) (citation omitted); *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)(noting that if there is a "reasonable basis for predicting that the state law might impose liability on the facts involved" then the joinder of the in-state defendant is not improper, and the case should be remanded to state court). However, the possibility of liability must be "reasonable and not merely theoretical." *Dalal v. United Specialty Ins. Co.*, No. 20-CV-0144, 2020 WL 7051255, at *3 (W.D. La. Nov. 9, 2020), *report and recommendation adopted*, No. 20-CV-0144, 2020 WL 7050691 (W.D. La. Dec. 1, 2020)(quoting

*Great Plains Trust Co.*, 313 F.3d at 312. Additionally, "[t]he district court must also take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *Id.* (quoting *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004) (quoting *Travis*, 326 F.3d at 649)).

The Court finds that Jackson has misstated or omitted discrete facts that would determine the propriety of joinder. In her initial pleading, Jackson alleged that Baker "fail[ed] to keep a proper lookout . . . to maintain control of the vehicle . . . to take necessary actions to avoid the collision," amongst other allegations. [doc. # 1-2, p. 3]. However, at her April 6, 2021 deposition, Jackson stated that Baker is a cautious driver, was driving the speed limit, did not leave his lane of travel prior to the accident, and could have done nothing to avoid the accident. [doc. # 1-4]. In her motion to remand, Jackson does not state that she disputes her own deposition testimony or that she still alleges any wrongdoing, but rather states that because Removing Defendants had not filed a stipulation of liability at the time of removal, that they may still try to apportion liability to Baker. Yet, Defendants make clear in their notice of removal that they do not dispute the facts asserted by Jackson in her deposition testimony. Defendants state that "the deposition testimony of Plaintiff makes clear that there was no good-faith basis for naming . . . [Baker], or his insurance carrier to the State Court Suit." [doc. # 1, p. 5]. Further, Jackson admits that she only named Baker as a defendant because the Removing Defendants could theoretically apportion fault to him and not because there are any facts that would support recovery against him. [doc. # 14-1, p.1]. Jackson has not indicated that more discovery is necessary to establish a cause of action against Baker or that she intends to attempt to establish liability against Baker at all. Accordingly, there is no dispute between the Removing Defendants and Jackson that Baker is not at fault.

Additionally, the Defendants have filed a stipulation of liability in this case since the removal. Though Jackson correctly points out that the stipulation was not filed prior to removal, her argument misses the point. The Removing Defendants filed a stipulation clearly in recognition of the facts of the case, as revealed in discovery and available at the time of removal. Jackson's pre-removal deposition revealed that there is no reasonable, and not merely theoretical, possibility of recovery against Baker. Properly filing a Stipulation of Liability supported by the facts does not constitute consent to federal jurisdiction in a prohibited manner.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that Plaintiff's Motion to Remand and Supplemental Motion to Remand [doc. #s 9; 14] be DENIED.

IT IS FURTHER RECOMMENDED that Plaintiff's claims against defendants Michael Baker and Anpac Louisiana Insurance Co. be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that, given the undersigned's recommendations, that Plaintiff's motion for attorneys' fees [doc. #9] also be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 5th day of August, 2021.

KAYLA D. MCCLUSKY
UNITED STATES MAGISTRATE JUDGE